## SUCCESSION OF ELIZABETH SCHILTMEYER.

Under C. C., art. 330, the tutor is bound to furnish security before taking possession of the
ward's estate, and cannot be allowed to take possession of the property for the purpose
of making an inventory.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*Schmidt* and *Haynes*, for appellee.  *Roselius*, for appellant.  The judg-
ment of the court was pronounced by

.  PRESTON, J.  *Herman H. Oetkar* died in this city on the 18th of December,
1848, leaving a widow, one child, and a'small property.  It belonged to the com-
munity of acquets which existed between him and his wife.  She, therefore,
after his death, became owner of half the property, and usufructuary of the
other half during her life.

The widow also died on the 25th of September, 1850, leaving the child, *Henry
Oetkar*, the only heir to all the property.  *Henry Schiltmeyer*, his uncle, has
been appointed and qualified as his tutor, but has not given security.

The deceased widow made a will, appointing *Wilhelm Gredtch* her executor,
with seizin of the estate.  By her will, she gave the fourth of her estate to
the Catholic Asylum for orphan boys, on conditition of taking charge of her son,
to whom she gave the residue of her estate.

It does not appear that her estate owes anything.  The tutor of the child
alleges, that he has made the arrangement with the asylum contemplated by the
will, and demands the possession of the estate, as authorized by article 1664 of
the Civil Code.  The district court ordered the executor to give the possession
of the estate to the tutor ; and the former has appealed.

He contends, that the tutor is not entitled to receive the estate until he gives
security, as required by the 330th article of the code.  In this, we think the
executor is right, and that the tutor should not be put into possession of the pro-
perty of his ward without giving security.  It may be, as contended, a misfor-
tune to her child, that the deceased appointed an executor, and gave him the
seizin of her estate, but that was authorized by law: to put his tutor into posses-
sion of his estate without security, might entail on him misfortunes not autho-
rized by law.

The district court came to the conclusion, on consideration of articles 329, 330,
and 1034 of the code, that the tutor was not bound to give security until an

inventory was made, and that the executor was bound to deliver to him the effects of the estate, in order to make the inventory.

An inventory was made by the executor as late as the 29th of September, 1850, which was signed by the present tutor as tutor *ad hoc* to the minor. We do not see the necessity of a second inventory, although, undoubtedly, if a length of time had intervened between the period of making the inventory of the estate and the appointment of the tutor, the court might very properly order a new inventory.

We think the executor should have been required to render his account, as directed by article 1003 of the Code of Practice, that he should have been ordered to deliver the property and funds found in his possession, according to this account, to the tutor, in compliance with the provisions of that and the articles of the Code of Practice immediately following, and also of article 1664 of the Civil Code, invoked by the tutor.

The balance found against the executor, and the value of the property he is ordered to deliver to the tutor, according to the appraisement and inventory already made, would show the amount for which the tutor should give security, with the addition of such sum as is required by law.

The judgment of the district court is reversed; and it is ordered, that on the petition of the tutor of *Henry Schiltmeyer*, the executor of the will of his mother, render an account of the estate in his possession, and deliver over the same to the tutor, on his giving security, according to article 1041 of the code, in an amount exceeding by one-fourth the balance of funds in the hands of the executor, added to the value of the property which he is directed to deliver over to the tutor, according to the inventory made by them, on the 29th of September, 1850 : the costs of this and of the district court to be paid by the estate.